CRESWELL, PLAINTIFF AND APPELLEE, *v.* PORTO RICAN EXPRESS COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.—Motion for Change of Venue.

No. 2598.—Decided April 7, 1922.

JURISDICTION—CHANGE OF VENUE—APPEAL.—The Supreme Court has no jurisdiction on appeal of an appeal from an order of a municipal court overruling a motion for a change of venue when the amount sued for does not exceed $300.

The facts are stated in the opinion.
*Messrs. D. F. Kelley* and *J. Sabater* for the appellant.
*Mr. B. J. Horton* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This action was brought in the Municipal Court of Mayagüez to recover the sum of $75 and the defendant moved that the case be transferred to the Municipal Court of San Juan, its place of residence. The motion was overruled and on appeal from that decision the District Court of Mayagüez also refused to grant the transfer. In other words, the dis-

trict court affirmed the order of the municipal court. From that decision an appeal was taken to this court.

The appellee contends that in accordance with subdivision 2 of section 295 of the Code of Civil Procedure, the said order is not appealable, because the amount involved in the action is less than $500 and, therefore, this court is without jurisdiction of the appeal; but the appellant argues that the limitation in the amount fixed by law for appeals from decisions of the district courts on appeal from the municipal courts refers only to appeals from judgments and not to appeals authorized by subdivision 3 of the said section from an order of the court refusing to grant a change of venue.

Subdivisions 1 and 3 of the said section refer, respectively, to judgments and to orders of district courts in actions originating therein, while subdivision 2 refers to cases before them on appeal from municipal courts; therefore, in the latter case the amount must exceed $300 in order that the decision may be appealable to this court. And it is only proper that it should be so, because as subdivision 3 authorizes an appeal from an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or to dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of venue; from any special order made after final judgment, and from an interlocutory judgment in actions for partition of real property, it might be held that no appeal being taken from the judgment, but from one of the orders above mentioned, an appeal could be taken although the amount in litigation should be less than $300, contrary to the statutory provision that no civil case shall come up to this court when the amount involved is less than the amount fixed by law. Moreover, if, as the appellee contends, the appeal in this case was not taken under subdivision 2 from a judgment of the district court on appeal from an inferior court, but from an order

of the district court on appeal from an order of an inferior court, then the order in this case would not be appealable, because the law does not authorize appeals in such cases, but from final judgments on appeals from inferior courts which put an end to the litigation, .and the order appealed from in this case is not of that character.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justice Hutchison concurred. Mr. Justice Wolf took no part in the decision of this case.